IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


LLOYD H. JOHNSON,

     **Plaintiff,**

  v.       CASE NO. 08-3184-SAC

CORRECTIONS CORPORATION
OF AMERICA, et al.,

     **Defendants.**

<u>O R D E R</u>

  This civil rights complaint was filed pursuant to 42 U.S.C. § 1983 by an inmate of the Federal Correctional Institution, Fort Worth, Texas.  Plaintiff names as defendants the Corrections Corporation of America, an "independent contractor" operating the Leavenworth Detention Center in Leavenworth, Kansas (CCA), and employees at the CCA: LPN Denise Hess, Health Services Administrator RN Angela Bossert, and acting Warden Rob Mundt.


**<u>FACTUAL ALLEGATIONS</u>**

  As the factual basis for his complaint, Mr. Johnson alleges that on May 28, 2007[1], he went to "the Medical Hospital" for insulin and defendant Hess was on duty at the "dispense-window."  He further alleges that after his insulin level was recorded at 87 and he presented his id badge, defendant Hess gave him a syringe containing insulin to self-administer, which he did, even though he commented that he was usually not given a shot.  He alleges that Hess then "tried to give" him "some pills" from an envelope with the last name

_____

   [1] Plaintiff's exhibit of a BP-9 grievance he filed on November 27, 2007, regarding this incident alleges it occurred around April 20, 2007.

of Charles on it.  Plaintiff refused the pills, and informed Hess she had given him the wrong medication.  Hess then gave him the correct medication.  Plaintiff found and spoke to inmate Charles who advised him to call for help, which he did.  A CCA officer responded, observed that plaintiff was not looking well, and ordered a double portion of breakfast foods to "counteract the overdose of insulin."  Inmate Charles advised him that had he gone back to his cell he would have fallen asleep and died from the overdose.

**CLAIMS**

Plaintiff claims his Eighth Amendment right to be free of cruel and unusual punishment was violated.  In support, he complains that defendant Hess took no action "to rectify her error" when told of her mistake and failed to follow any medical procedure[2] to prevent his "life-threatening situation."  He generally alleges that defendant RN Bossert is liable because her duties included training and monitoring of medical staff to properly handle emergency situations.  He claims defendant Mundt is liable because he failed "to answer all grievances concerning management and personnel misconduct," and "turn(ed) a blind eye" to "such events."  He further claims that defendants conspired "to cover-up and/or minimize the situation" to prevent plaintiff from taking legal action, including issuing a fabricated follow-up progress report. He also complains that none of the defendants have admitted any wrong doing or that plaintiff's life was ever in danger.

---

[2]     Plaintiff suggests that "emergency protocols" should have been implemented such as immediately placing him in an isolated area for direct EKG and EEG monitoring with emergency transport standing by.

**REQUESTED RELIEF**

Plaintiff seeks "punitive relief" for "stress and mental anguish" as a result of defendants' actions or inactions that allegedly violated his Eighth Amendment rights, for medical misconduct and malpractice in failing to provide emergency treatment, and for conspiring to cover-up the incident. He requests five hundred million dollars from each defendant "because of (his) pain and suffering, mental anguish, and near loss of life." He also asks the court to "conduct an investigation" of all defendants for possible commission of a felony and to order "criminal actions" against them.

**MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

Plaintiff has filed a motion for leave to proceed in forma pauperis (Doc. 2), and has attached an Inmate Account Statement in support as statutorily mandated. Section 1915(b)(1) of 28 U.S.C., requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Having examined the records of plaintiff's account, the court finds the average monthly deposit has been $42.86 and the average monthly balance has been $21.66. The court therefore assesses an initial partial filing fee of $8.50, twenty percent of the average monthly deposit, rounded to the lower half dollar[3]. Plaintiff must pay this

_____

[3]     Pursuant to 28 U.S.C. §1915(b)(1), plaintiff is obligated to pay the full $350.00 district court filing fee in this civil action.  Being granted leave to proceed in forma pauperis entitles him to pay an initial partial filing fee and the remainder due over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).

initial partial filing fee before this action may proceed further, and will be given time to submit the fee to the court.  His failure to submit the initial fee in the time allotted may result in dismissal of this action without further notice.

**SCREENING**

Because Mr. Johnson is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).  Having screened all materials filed, the court finds the complaint is subject to being dismissed for reasons that follow.

**DEFENDANTS NOT PROPERLY SUED UNDER 42 U.S.C. § 1983**

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution or law of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48-49 (1988), *citing* Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986); Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992).  Plaintiff names the CCA at Leavenworth as a defendant in this action; however the CCA is not a "person" amenable to suit under Section 1983.

Plaintiff also names as defendants two nurses and the acting warden at the CCA in Leavenworth, and alleges they acted under color

of state law.   However, employees of the CCA at the Leavenworth
Detention Center are not state actors or state employees[4].   Instead,
the CCA is a private corporation that contracts with an agency of
the United States, either the United States Marshals Service or the
Federal Bureau of Prisons, to house federal prisoners.   Plaintiff's
specific allegations that defendant LPN Hess gave him an insulin
shot intended for another inmate, which was an overdose, do not
establish that defendant Hess was a state actor.   Nothing in the
complaint suggests that Hess or the other defendants acted with the
authority of the State or as a state officer.   See Blum v. Yaretsky,
457 U.S. 991, 1004-05, (1982)(decisions of physicians of privately
owned and operated nursing home to transfer Medicaid patients not
state action); cf., West, 487 U.S. at 55-56 (A private physician who
contracted with a state prison to treat inmates to satisfy the
state's constitutional obligation to provide medical care, was held
to be a state actor based upon his functions within the state
system.).   It follows that Mr. Johnson fails to state a valid claim
against the individual CCA employees under 42 U.S.C. § 1983.

**FEDERAL COURT JURISDICTIONAL BASIS NOT ALLEGED**

If defendants were federal officials or employees of a federal
prison, this court might liberally construe this pro se complaint as

---

[4]    The "under color of state law" requirement is a "jurisdictional
requisite for a § 1983 action." West v. Atkins, 487 U.S. 42, 48-49 (1988); Polk
County v. Dodson, 454 U.S. 312 (1981).   A defendant acts "under color of state
law" when he "exercise[s] power possessed by virtue of state law and made possible
only because the wrongdoer is clothed with the authority of state law." Id. at
49.   This means that the conduct must be fairly attributable to the State so that
the person may be said to be a state actor.   Lugar v. Edmondson Oil Co., 457 U.S.
922, 937 (1982); Yanaki v. Iomed, Inc., 415 F.3d 1204, 1208 (10th Cir. 2005), cert.
denied, 547 U.S. 1111 (2006).

a <u>Bivens</u> action.  <u>Bivens v. Six Unknown Named Agents of the Federal</u>
<u>Bureau of Narcotics</u>, 403 U.S. 388, 395-97 (1971).  <u>Bivens</u> held that
"plaintiffs may sue federal officials in their individual capacities
for damages for Fourth Amendment violations, even in the absence of
an express statutory cause of action analogous to 42 U.S.C. §1983."
<u>Id</u>.; <u>Carlson v. Green</u>, 446 U.S. 14, 18 (1980)(recognizing a parallel
cause of action for Eighth Amendment violations).  However, the
proper defendant in a <u>Bivens</u> action is a federal agent, not an
employee of a private corporation.  CCA employees are not federal
officials, and therefore plaintiff's claims against the defendant
CCA employees do not present a recognized cause of action under
<u>Bivens</u>.  See <u>Correctional Services Corp. v. Malesko</u>, 534 U.S. 61
(2001); <u>Peoples v. CCA Detention Centers</u>, 422 F.3d 1090, 1101 (10th
Cir. 2005)(There is no right of action for damages under <u>Bivens</u>
against employees of a private prison for alleged constitutional
deprivations, when alternative state causes of action for damages
are available to the plaintiff.).  Instead, plaintiff's remedy is an
action for negligence or other misconduct in state court, if
available.  See <u>Lindsey v. Bowlin</u>, ___ F.Supp.2d ___, 2008 WL
2331175 (D.Kan. June 6, 2008)(Kansas law generally provides an
inmate with a remedy against CCA employees for negligence and for
actions amounting to violations of federal constitutional rights.);
See <u>Peoples</u>, 422 F.3d at 1104-05 (individual CCA defendants owed a
duty to protect to plaintiff that if breached, would impose
negligence liability); <u>see also</u> <u>Menteer v. Applebee</u>, 2008 WL
2649504, *8-*9 (D.Kan. June 27, 2008)(plaintiff's state law
negligence claim found to be equally effective, alternative cause of

action to <u>Bivens</u> claim)[5].  Thus, plaintiff has not presented a valid jurisdictional basis for a cause of action in federal court[6]. Plaintiff will be given time to show cause why this action should not be dismissed for failure to state a claim under 42 U.S.C. 1983[7].

## FAILURE TO ALLEGE PERSONAL PARTICIPATION

The court also finds that plaintiff fails to allege the personal participation of any defendant other than LPN Hess.  The deliberate indifference standard of liability for Eighth Amendment violations by individual prison officials includes a "general causation requirement."  Prison officials are only responsible for their own constitutional violations, not generally those of others.

---

[5]     Judge O'Hara found in <u>Menteer</u>:

> [T]he Kansas Court of Appeals has held that CCA personnel are similar to law enforcement officers, "who are obligated to use reasonable and ordinary care and diligence in the exercise of their duties, to use their best judgment, and to exercise that reasonable degree of learning, skill, and experience that reasonable degree of learning, skill, and experience which is ordinarily possessed by other law enforcement officers in the same or similar locations."

<u>Menteer</u>, 2008 WL 2649504, at * 9, *citing* <u>Nahia v. CCA</u>, No. 98,637, 2008 WL 20051756, at *3 (Kan.Ct.App. May 9, 2008).  <u>Menteer</u> is not cited for its precedential value, but for its reasoning.

[6]     A pro se complaint must be given a liberal construction.  <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  However, the court the court cannot assume the role of advocate for the pro se litigant, and "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." <u>Whitney v. New Mexico</u>, 113 F.3d 1170, 1173-74 (10th Cir. 1997).  Moreover, a broad reading of the complaint does not relieve the plaintiff of the burden of alleging sufficient facts to state a claim on which relief can be based.   <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991)(Conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based).

[7]     Plaintiff should consider whether or not to immediately file his claims against private tortfeasors in state court.  <u>Cf</u>. <u>Correctional Services Corp. v. Malesko</u>, 534 U.S. 61 (2001). He should also pay attention to the statute of limitations, which is that of the State of Kansas.
Plaintiff has not alleged diversity jurisdiction, but it requires that the amount in controversy exceeds $75,000.  Plaintiff at this juncture has alleged no facts indicating significant harm, which might entitle him to the large sums of money he seeks or an amount near $75,000.

In other words, liability under § 1983 cannot rest upon a theory of respondeat superior. Rizzo v. Goode, 423 U.S. 362 (1976). It follows that a prison health care manager is not liable for the misconduct of an staff member who reports to him or her, unless there is an "affirmative link" between the constitutional violation allegedly committed by the staff member and the supervisor's own conduct. Meade v. Grubbs, 841 F.2d 1512, 1527-28 (10th Cir. 1988). An affirmative link can be demonstrated if the supervisor (1) actually participated in the deprivation of an inmate's constitutional right, (2) acquiesced in the staff member's deprivation of an inmate's constitutional right, or (3) established a policy or custom which authorized or permitted the staff member to deprive an inmate of his constitutional rights. Id.; see also Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996). Likewise, "[t]he general responsibility of a warden for supervising the operation of a prison is not sufficient to establish personal liability." Rider v. Werholtz, 548 F.Supp.2d 1188, 1200 (D.Kan. 2008), citing Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). "A warden is not liable for an isolated failure of his subordinates to carry out prison policies . . . unless the subordinates are acting (or failing to act) on the warden's instructions." See Steidl v. Gramley, 151 F.3d 739, 741 (7th Cir. 1998). There is no evidence in the record that either defendant Angela Bossert or Rob Mundt was personally involved with or made any direct decision regarding Mr. Johnson's insulin medication on the day in question[8]. There is also no evidence in the record that

---

[8]    Denial of grievances alone is insufficient to establish personal participation). See Larson v. Meek, 240 Fed.Appx. 777, 780 (10th Cir. 2007).

either of these defendants was aware of and acquiesced in defendant Hess's actions on that date.  Nor does plaintiff allege facts showing that the two supervisory defendants had established a policy or custom, which authorized or permitted Hess to act as she did on May 28, 2007.  In short, no causal connection is made between the alleged overdose and any action of defendants other than Hess. Plaintiff will be given the opportunity to allege additional facts showing personal participation of defendants Bossert and Mundt.

**FAILURE TO STATE FACTS TO SUPPORT EIGHTH AMENDMENT CLAIM**

Even if plaintiff demonstrated state action and personal participation by all defendants and alleged a proper jurisdictional basis for this action to proceed in federal court, he fails to allege facts sufficient to state a claim of cruel and unusual punishment under the Eighth Amendment.  In <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976), the United States Supreme Court held that "deliberate indifference to a prisoner's serious medical needs, whether by a prison doctor or a prison guard, is prohibited by the Eighth Amendment." <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988), *citing* <u>Estelle</u>, 429 U.S. at 104-105; <u>see</u> <u>also</u> <u>Simmat v. U.S. Bureau of Prisons</u>, 413 F.3d 1225, 1231 (10th Cir. 2005).  "Deliberate indifference involves both an objective and a subjective component." <u>Sealock v. Colorado</u>, 218 F.3d 1205, 1209 (10th Cir. 2000).  The objective component is met if the deprivation is "sufficiently serious." <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).  A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a

doctor's attention." Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999).  The subjective component is met only if a prison official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837.  Allegations of mere negligence in diagnosing or treating a medical condition, Estelle, 429 U.S. at 105, or "inadvertent failure to provide adequate medical care," Riddle v. Mondragon, 83 F.3d 1197, 1203 (10th Cir. 1996), are insufficient to state a claim under the Eighth Amendment.

Mere negligence does not violate the United States Constitution's prohibition against deliberate indifference to a prisoner's serious medical needs.  See Whitley v. Albers, 475 U.S. 312, 319 (1986); Medcalf v. State of Kansas, 626 F.Supp. 1179, 1190 (D.Kan. 1986).  The Supreme Court has held that deliberate indifference lies "somewhere between the poles of negligence at one end and purpose or knowledge at the other." Farmer, 511 U.S. at 836.  Thus, although a plaintiff is not required to show an "express intent to harm," Mitchell, 80 F.3d at 1442, he must allege facts which could support a finding that the offending action or inaction was more than merely negligent. Estelle, 429 U.S. at 105.

Plaintiff's allegations, while possibly supporting a claim for medical negligence redressable in state court, do not support a finding of deliberate indifference.  Plaintiff has alleged no facts showing that Hess giving him insulin intended for another inmate was anything more than a simple mistake.  He does not describe symptoms that he manifested in front of Hess indicating he needed emergency treatment.  He implies that she should have known the overdose presented a medical emergency, however, he alleges no facts indicating his condition was as dire as he suggests.  Plaintiff's

allegations that his situation was life-threatening and of "pain and suffering" are nothing more than conclusory statements. He does not allege that any person with medical training found he required the emergency treatment he now contends was necessary and does not describe any symptoms whatsoever. At most, plaintiff has stated a claim for negligence or medical malpractice. Medical malpractice does not become a constitutional violation merely because the alleged victim is a prisoner. Estelle, 429 U.S. at 106.

Plaintiff also fails to allege facts indicating that any pain or deprivation he suffered as a result of this incident was sufficiently serious to constitute cruel and unusual punishment. See Miller v. Glanz, 948 F.2d 1562, 1569 (10th Cir. 1991). Instead, he alleges the situation was remedied when another correctional officer provided him with a double order of breakfast foods. Since plaintiff became aware that he needed assistance and sought and received adequate help from another CCA employee, he cannot show that he suffered any actual injury as a result of Hess's alleged errors. An inmate may not recover money damages in federal court based on mental or emotional injury absent a prior showing of physical injury. 42 U.S.C. § 1997e(e)[9]. It follows that plaintiff is not entitled to money damages for stress and mental anguish unless he also shows a physical injury. Plaintiff has alleged no facts showing actual harm. The court concludes that plaintiff has failed to allege sufficient facts in support of his claim for money damages based upon cruel and unusual punishment.

---

[9] The statute provides: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

**FRIVOLOUS CLAIMS**

Plaintiff's request that this court investigate defendants for possible criminal prosecution is not appropriate relief in this civil rights action. Criminal investigations and decisions regarding felony prosecutions are matters within the discretion of either state or federal prosecutors. Furthermore, the court has no authority to order that an employee of a private corporation be disciplined or fired. Nor is plaintiff entitled to information regarding personnel action taken or not taken against a particular employee. Accordingly, plaintiff's claims based on failure to discipline defendant Hess and his requests for criminal investigations and prosecutions are dismissed for failure to state a claim under 42 U.S.C. § 1983. Plaintiff's claims of a conspiracy are completely conclusory, and as such do not entitle him to relief.

Plaintiff shall be given thirty (30) days in which to show cause why this action should not be dismissed for the reasons stated herein. He may submit a response to the court's order and/or a supplement to his complaint containing additional facts to support his claims. If plaintiff fails to respond to this Order in the time allotted, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court an initial partial filing fee of $ 8.50. Any objection to this order must be filed on or before the date payment is due. The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same thirty (30) days plaintiff must show cause why this action should not be dismissed

for failure to allege a cause of action in federal court and for failure to state facts in support of his federal constitutional claims as discussed herein.

**IT IS SO ORDERED**.

Dated this 11th day of August, 2008, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge